# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rontonia Jarvaris Wilson, ) | |
| ) | |
| Petitioner, ) | |
| ) | C.A. No.: 2:07-861 |
| v. ) | |
| ) | **ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Rontonia Jarvaris Wilson ("Petitioner" or "Wilson"), proceeding *pro se*, filed a motion to correct and modify his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Defendant's motion is denied.

## BACKGROUND

Petitioner was the only defendant named in a three count indictment filed on July 11, 2007. Count Three of the indictment charged that on or about October 12, 2006, in the District of South Carolina, Wilson knowingly used and carried a firearm during and in relation to, and did possess a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(i).[1] Petitioner pled guilty to Count Three on January 7, 2008. On March 11, 2008, he was sentenced to 120 months imprisonment.

---

[1]Count One charged that Wilson, a convicted felon, knowingly possessed a firearm and ammunition. Count Two charged that Wilson knowingly, intentionally and unlawfully possessed with intent to distribute a quantity of cocaine and a quantity of marijuana.

1

# ANALYSIS

I. **Motion to correct and modify the sentence pursuant to 18 U.S.C. § 3582(c)(2)**

Petitioner asserts that the Government breached the plea agreement by not moving for a three level decrease for acceptance of responsibility provided by USSG § 3E1.1(b). He asks the Court to correct and modify his sentence pursuant to 18 U.S.C. § 3582(c)(2), which states:

> The court may not modify a term of imprisonment once it has been imposed except that— . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994 (o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Even assuming Petitioner's factual assertions are correct; the statute does not provide any relief. Section 3582(c)(2) only applies to a specific situation—when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered and made retroactive. That is not the case here. In fact, the statutory mandatory minimum of 10 years, not the Guideline provisions, dictated his sentence. *See* 18 U.S.C. §924(c)(A)(iii). Therefore, §3582(c)(2) is inapplicable to these facts, and Wilson's motion is denied.

II. **28 U.S.C. § 2255**

To the extent that Wilson's motion under § 3582(c)(2) could be construed as a § 2255 petition, it would be time barred. A one-year period of limitation applies to motions brought under § 2255. This one year period begins to run from the latest of four dates:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f) (1)-(4). In this case, the one year period began to run on "the date on which the judgment of conviction became final." 28 U.S.C. §2255(f)(1). "For purposes of the one-year limitation period, when a defendant does not seek direct review, the judgment of conviction becomes final when the time for filing a direct appeal expires." *Blakney v. United States*, 4:11–cv–70024, 2011 WL 1113468, at *2 (D.S.C. Mar. 24, 2011)(citations omitted). Petitioner filed this motion on January 10, 2012. Petitioner was sentenced on March 11, 2008, and he never filed an appeal. Additionally, he has not stated any facts indicating that § 2255 (f) (2), (3), or (4) could apply to his case. Therefore, to the extent that Wilson's motion under § 3582(c)(2) could be construed as a § 2255 petition, it would be time barred.

## CONCLUSION

Based on the foregoing, Defendant's motion to correct and modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 3, 2012**
**Charleston, SC**